## No. 4.

### COLLARD *against* CRANE.    *Chittenden*, 1819.

Plea in Abatement, That the plaintiff was, at the commencement of the action, insane and under guardianship. Held sufficient.

It is not necessary, in such plea, to set forth the proceedings previous to the appointment of guardian.

After the opinion of the Court was delivered, the guardian was permitted to enter and prosecute the suit on terms.

THIS was an action, in common form, brought by John Collard against Arzah Crane, on note.

Plea in abatement. That, at the time of the commencement of this action, Collard was an insane person; and that Elnathan Keyes was his guardian, duly appointed by the Judge of Probate.

*Adams* for plaintiff contended. That the plea does not disclose facts sufficient to abate the writ; a mere appointment of

a guardian by the Judge of Probate is not sufficient; he cannot appoint a guardian, without previous proceedings; a commission must issue and regular proceedings be had to ascertain the *fact* of insanity: as the plea has not set forth these proceedings, it is deficient.

2. The writ is correct, even if it legally appears, that Collard was insane: The contract of a lunatic is not void but voidable. By the English practice the suit is brought in the name of the lunatic. 3 Bac.541. Our Statute gives the custody of the property to the guardian, but does not point out the mode of bringing suits. Contra. *Robinson.* 1. We must presume, the Judge of Probate acted on legal grounds, in appointing the guardian; so that, it is not necessary, to set forth the previous proceedings, in the plea. 2. By our Statute, a lunatic is considered, as dead in law; and no act can be done, affecting his property, but by his guardian.

By the Court. 1. The Court of Probate, having jurisdiction over the subject matter; the appointment of guardian, by that Court, must be considered, to be on regular previous proceedings. 2. In England, the affairs of a lunatic, are thrown into Chancery, hence, we have no precedents, of suits at law, by guardian. In this State, all the concerns of the lunatic, are placed exclusively under the control of his guardian; he is clothed with full powers to administer the estate, must give bonds, make an inventory, and be accountable, for all the property, of the person, to whom he is appointed guardian. I. Stat. 404. Every suit affecting such property must be brought in his name.

*Judgment.* That the writ abate.

A motion was then made, by the guardian, for leave, to enter and prosecute the suit: leave was granted, on payment of five dollars; and the judgment in abatement not entered. This motion, was not argued, and was made, and decided, at the moment, of adjournment without day. One judge only (Brayton) being present.